UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHARON L. LISTENBERGER,              ) | |
|          ) | |
|    Plaintiff,                  ) | |
|          ) | |
|    v.                              ) | CAUSE NO. 1:05-CV-00384 |
|          ) | |
| MICHAEL J. ASTRUE,[1]                ) | |
| Commissioner of Social Security,      ) | |
|          ) | |
|    Defendant.               ) | |

## OPINION AND ORDER

Before the Court is Plaintiff Sharon Listenberger's Motion for Relief from Judgment Under Rule 60(b)(6) (Docket # 25) asking that the Court reconsider its Opinion and Order dated July 18, 2006 (Docket # 21), affirming the Commissioner of Social Security's denial of a period of disability and Disability Insurance Benefits to Listenberger.  In her motion, Listenberger explains that less than three weeks after this Court entered its decision, the Seventh Circuit Court of Appeals issued *Allord v. Barnhart*, 455 F.3d 818 (7th Cir. 2006), which she contends "made a more definitive statement of the law" with respect to credibility determinations. (Mem. in Supp. of Mot. for Relief from J. Under Rule 60(b)(6) at 2.)  For the reasons set forth herein, Listenberger's motion for relief from judgment will be denied.

*Applicable Legal Standard*

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security, and thus he is automatically substituted for Jo Anne B. Barnhart as the Defendant in this case. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b)(6), the specific provision under which Listenberger brings this motion, is a "catch-all provision," *Karracker v. Rent-A-Ctr., Inc.*, 411 F.3d 831, 837 (7th Cir. 2005), that "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez*, 545 U.S. at 528-29 (quoting Fed. R. Civ. P. 60(b)(6)); *see also Peacock v. Bd. of Sch. Comm'rs of City of Indianapolis*, 721 F.2d 210, 214 (7th Cir. 1983) ("Relief under this residual clause is available when reasons (1) through (5) are inapplicable, and equitable action is appropriate to accomplish justice.").

Nonetheless, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karracker*, 411 F.3d at 837; *see also Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. 1995).  "The decision as to whether the circumstances in a given case are extraordinary is within the sound discretion of the Court." *Pollack v. Rosalind Franklin Univ.*, No. 04 C 5613, 2006 WL 3783418, at *6 (N.D. Ill. Dec. 20, 2006); *see also Camp*, 67 F.3d at 1290.  "[W]hile the application of Rule 60(b) in general calls for extraordinary circumstances, the application of Rule 60(b)(6) in particular calls for circumstances that are particularly extraordinary." *Pollack*, 2006 WL 3783418, at *6 (quoting *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 342 (7th Cir. 2004)); *see also Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986) ("[R]elief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.").

"[T]he Seventh Circuit Court of Appeals has stated on a number of occasions that a change in the applicable law after judgment does not, by itself, justify relief under [Rule] 60(b)."

2

*Watson v. Symons Corp.*, 121 F.R.D. 351, 353 (N.D. Ill. 1988) (collecting cases).  However, an exception to this general rule exists when the change of law, and the Rule 60(b) motion, come within the time period for the filing of an appeal. *Id*.  Thus, a "60(b)(1) motion filed within the time for an appeal is a proper means for calling the trial court's attention to an intervening controlling appellate decision . . . [since] [t]his practice allows the trial court to correct a decision that would otherwise be corrected by a timely appeal." *Id*. (citing *Peacock*, 721 F.2d at 214).

## *Discussion*

Listenberger contends that the *Allord* decision justifies a reversal of this Court's affirmation of the ALJ's credibility determination in her case.  Her argument, however, fails to warrant the extraordinary remedy available under Rule 60(b)(6).

In its July 18, 2006, Order, the Court concluded that the ALJ had erred when making his credibility determination because he improperly relied upon certain statements Listenberger made concerning her use of marijuana.[2]  Nonetheless, the Court affirmed the ALJ's credibility determination, concluding that it was still supported by other substantial evidence:

> [W]hile one of Listenberger's three credibility arrows hits the mark, it is simply not enough to cause her to win the match.  Setting aside the reference to her statements regarding marijuana use, the ALJ's determination that Listenberger's

---

[2] More specifically, the Court found that the ALJ erred when he inferred an inconsistency between Listenberger's admission in 2001 that she used marijuana and her denial in 2002 and 2003 that she used any illegal substances.  The Court opined:

> Before he negatively inferred that Listenberger was inconsistent in her statements, the ALJ should have asked her if she stopped using marijuana at a particular point in time. *See* SSR 96-7p ("When additional information is needed to assess the credibility of the individual's statements about symptoms and their effects, the adjudicator must make every reasonable effort to obtain available information that could shed light on the credibility of the individual's statements; *Wates v. Barnhart*, 274 F. Supp. 2d 1024, 1040 n.9 (E.D. Wis. 2003) ("[T]he ALJ should not have drawn an adverse inference with respect to [a claimant's] credibility without making additional inquiry under SSR 96-7p.").

(Op. and Order dated July 18, 2006, at 19 (footnote omitted).)

>testimony was "not fully credible" is still supported by other substantial evidence, as the ALJ also relied upon and gave specific examples of, (1) an inconsistency between her daily activities and her testimony of limitations, and (2) a lack of objective medical evidence to support her alleged psychological and physical impairments.  Clearly, the ALJ built an accurate and logical bridge between the evidence and his conclusion, and his reasoning is not patently wrong.  Accordingly, his disability determination will not be overturned.

(Op. and Order dated July 18, 2006, at 19-20.)

Listenberger now claims that the Seventh Circuit Court of Appeals has "made a more definitive statement of the law" concerning credibility determinations:

>The only situations in which an error in the factors considered by the trier are fact in making a credibility determination can confidently be thought harmless are when a contrary determination would have to be set aside as incredible or when the trier of fact says that he would have made the same determination even if the questioned circumstances had been different from what he thought them to be and he gives an adequate reason for that back-up position.  In either of these situations it would be inconceivable for the trier of fact to have made a different finding on credibility, *Frank v. Barnhart*, 326 F.3rd 618, 621-22 (5th Cir. 2003), and if so the finding stands despite the flaws in his analysis.

*Allord*, 455 F.3d at 821.  She argues that this Court improperly affirmed her credibility determination because neither of the two conditions specified in *Allord* were satisfied in her case.

Listenberger, however, fails to explain how the *Allord* decision justifies any relief under Rule 60(b).  To explain, the *Allord* decision does not represent a change in the law, nor does it overturn any of the cases cited by the Commissioner or this Court, which accord considerable deference to an ALJ's credibility determination. *See*, *e.g.*, *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) ("We afford a credibility finding 'considerable deference,' and overturn it only if 'patently wrong.'" (quoting *Carradine v. Barnhart*, 360 F.3d 751, 758 (7th Cir. 2004))); *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000) (articulating that an ALJ's credibility

4

determination will be upheld if the ALJ "build[s] an accurate and logical bridge between the evidence and the result").  In fact, *Allord* has not been cited by any court for the premise that Listenberger suggests since the decision was issued more than eleven months ago.

Moreover, *Allord* is distinguishable from the instant case.  In *Allord*, three of the ALJ's reasons in support of his credibility determination were in error, *see Allord*, 455 F.3d at 821; in the instant case only one of the ALJ's supporting reasons was discredited. *Compare Korniejew v. Ashcroft*, 371 F.3d 377, 386 (7th Cir. 2004) (affirming an immigration judge's credibility determination where only one of his three supporting reasons was discredited), *with Georgis v. Ashcroft*, 328 F.3d 962, 969 (7th Cir. 2003) (reversing an immigration judge's credibility determination where five of his six supporting reasons were discredited).

Furthermore, it is apparent that Listenberger's statements concerning her marijuana use were not central to the ALJ's credibility determination, as the significant factor in the ALJ's decision was that Listenberger's allegations were inconsistent with the objective medical evidence of record, her treatment history, and her continuing work activities. (*See* Tr. 16.)  Thus, it is inconceivable on this record that the ALJ would have reached a different conclusion (that is, that Listenberger was "fully credible") even if the ALJ had found Listenberger's statements concerning her marijuana use to be consistent. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003).

In sum, Listenberger has failed to show extraordinary circumstances that create a substantial danger that the July 18, 2006, Order issued by this Court was unjust. *See Margoles*, 798 F.2d at 1073.  Therefore, her motion will be denied.

## *Conclusion*

For the foregoing reasons, Listenberger's Motion for Relief from Judgment Under Rule 60(b)(6) (Docket # 25) is DENIED.

SO ORDERED.

Enter for this 26th day of June, 2007.

/S/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge